**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JON HOGUE,                                      )
                                                )
                        Plaintiff,              )
                                                )
              v.                                )         02: 07cv0108
                                                )
SKY FINANCIAL GROUP, INC.                       )
t/d/b/a SKY BANK,                               )
                                                )
                        Defendant.              )

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the MOTION TO DISMISS PLAINTIFF'S

COMPLAINT PURSUANT TO FED.R.CIV. 12(B)(1), with brief in support, filed by

Defendant, Sky Financial Group, Inc. t/d/b/a Sky Bank (*Document Nos. 3 and 4, respectively)*,

and the brief in opposition filed by Plaintiff (*Document No. 6*). For the following reasons, the

Motion will be granted and this matter will be dismissed in favor of arbitration.

**Background**

Plaintiff, Jon Hogue, was employed by Defendant, Sky Financial Group, Inc. t/d/b/a

Sky Bank ("Sky Bank") since approximately 1999 as a result of Sky Bank's acquisition of First

Western Bancorp, Inc. While employed by Sky Bank, Plaintiff received a copy of Sky Bank's

Employee Handbook which contained an arbitration agreement. In the introduction to the

Handbook, employees are expressly advised that **"The Handbook contains a binding**

**arbitration provision, in which you and the Company agree to arbitration of disputes**

**concerning termination of employment."** Handbook at p. 1-1 (emphasis in original). The

Handbook also contains a specific chapter entitled "The Procedure for Arbitration" which

specifically states, in pertinent part, as follows:

> Arbitration is the exclusive remedy for employees to contest termination for any reason.  This includes a waiver of the right to a judicial forum by the company and by the employee, of both statutory and contractual claims.
>
> **The Decision to Arbitrate**
> Within 90 days of termination, an employee must inform the Company President or affiliate President of a desire to arbitrate.

Employee Handbook, at 9-1.

The record reflects that Plaintiff executed an acknowledgment form indicating that he had received a copy of the Handbook and understood that it contained a binding arbitration provision.

In April 2004, Plaintiff applied for and received leave pursuant to the Family and Medical Leave Act ("FMLA") on an intermittent basis.  On or about September 10, 2004, Plaintiff again requested and was approved for FMLA leave.  Under this approved leave, Plaintiff was to return to work on October 12, 2004.  Plaintiff subsequently notified Sky Bank that he would be unable to return to work until January 31, 2005.  (*Complaint, ¶¶ 9-12, 16.*)

In January 2005, Plaintiff was notified that Sky Bank was unable to continue to hold his position open, and if there were no other comparable positions available at the time of his release to return to work, he would be terminated from employment with Sky Bank.  When no positions became available, Plaintiff was subsequently informed that his employment with Sky Bank was terminated.  (*Complaint, ¶¶ 21-25.*)

On December 27, 2006,  contrary to the arbitration provision in the Employee Handbook, Plaintiff commenced this action in which he asserts that his employment was illegally terminated in violation of the FMLA.  In the present motion, Defendant contends that because Plaintiff's claims must be arbitrated, the Court should dismiss these proceedings with

prejudice.  Additionally, Defendant argues that Plaintiff's claims are untimely as he did not notify Sky Bank of his desire to arbitrate within ninety (90) days of his termination of employment as required by the arbitration provision.

In response, Plaintiff argues that while he "would agree that the claim under the Family and Medical Leave Act may be arbitrated, [] it cannot be proscribed by the 90 days limitations."  Br. at 6.

### Discussion

The Sky Bank Employee Handbook specifically provides that arbitration shall be the sole means for employees to "contest discharge" and explains that the parties agree to arbitrate "disputes concerning termination of employment."  Plaintiff claims that he was discharged in violation of the FMLA.  This claim clearly falls within the scope of the arbitration provision and is, therefore, subject to dismissal in favor of arbitration.

Because the Court will dismiss the Complaint for lack of subject matter jurisdiction, the Court declines to address the second issue raised by Defendant, *i.e.*,  Plaintiff's failure to notify Defendant of his desire to arbitrate within ninety (90) days of his termination.  The parties may pursue this matter, as appropriate, in arbitration.

### Conclusion

Plaintiff's Complaint will be dismissed in favor of arbitration.  An appropriate Order follows.


McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JON HOGUE,                                     )
                                               )
                Plaintiff,                )
                                               )
          v.                        )      02: 07cv0108
                                               )
SKY FINANCIAL GROUP, INC.                      )
t/d/b/a SKY BANK,                              )
                                               )
              Defendant.                )

## ORDER OF COURT

AND NOW, this 23rd day of March, 2007, it is hereby ORDERED, ADJUDGED

AND DECREED that the Motion to Dismiss filed by Defendant, Sky Financial Group, Inc.

t/d/b/a Sky Bank, is **GRANTED**.  The parties shall proceed with arbitration, as required by the

Handbook.

The Clerk is directed to mark this case closed forthwith.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:     Nicholas A. Frisk, Jr., Esquire
       The Frisk Law Firm
       Email: thefrisklawfirm@hotmail.com

       Mark A. Fontana, Esquire
       Wolf, Block, Schorr & Solis-Cohen
       Email: mfontana@wolfblock.com